**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering (SBN 122509)
Brenton Whitney Aitken Hands (SBN 308601)
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerry@steeringlaw.com; jerrysteering@yahoo.com
brentonaitken@gmail.com

Attorneys for plaintiff Shannon Dinnie Nelson

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON DINNIE NELSON<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA MARIA, COUNTY OF KINGS, COUNTY OF SANTA BARBARA, JACOB MARTINEZ and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); USE OF UNREASONABLE FORCE ON PERSON (U.S. CONST. AMEND 4); UNLAWFUL SEARCH OF PERSONAL PROPERTY (U.S. CONST. AMEND 4); MUNICIPAL / MONELL[1] CLAIM AGAINST LOCAL GOVERNING BODY BASED ON FAILURE TO TRAIN (U.S. CONST. AMEND 4) and CALIFORNIA STATE LAW CLAIMS for VIOLATION OF BANE ACT (CAL. CIVIL CODE § 52.1); FALSE |

[11] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

ARREST / FALSE IMPRISONMENT; BATTERY; ASSAULT

**COMES NOW** plaintiff Shannon Dinnie Nelson and shows this Honorable Court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Santa Barbara, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4. Plaintiff timely filed her Claim for Damages against the City of Santa Maria, the County of Santa Barbara, the County of Kings and the State of California on January 9, 2026, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claims were denied by defendants City of Santa Maria on March 3, 2026, the County of Santa Barbara on April 7, 2026, the County of Kings on March 2, 2026, and the State of California on January 9, 2026, all within six months of the filing of this instant action.

## GENERAL ALLEGATIONS

5. Plaintiff Shannon Dinnie Nelson, hereinafter referred to as "NELSON" and/or "plaintiff" and/or "plaintiff Shannon Dinnie Nelson" is a

natural person, who, at all times complained of in this action, resided in the State of California.

6. Defendant City of Santa Maria, hereinafter also referred to as "City of Santa Maria" or "SANTA MARIA", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7. Defendant County of Santa Barbara, hereinafter also referred to as "County of Santa Barbara" or "SANTA BARBARA", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8. Defendant County of Kings, hereinafter also referred to as "County of Kings" or "KINGS", is a political subdivision of the State of California and is a municipal entity, within the territorial jurisdiction of the Eastern District of California.

9. Defendant Jacob Martinez, hereinafter referred to as "MARTINEZ", is a sworn peace officer and a police officer with the California Department of Corrections and Rehabilitation, who, at all times complained of in this action was acting as an individual person under the color of state law and was acting in the course of and within the scope of his employment with the California Department of Corrections and Rehabilitation.

10. Defendants DOES 1 through 8, inclusive, are California Certified Peace Officers, and police officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employees of defendants City of Santa Maria and/or County of Santa Barbara and/or County of Kings and/or the State of California and/or with some other public entity, who in some way committed some or all of the tortious actions and constitutional violations complained of in

this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

11. Moreover, plaintiff is presently unaware of the identities of defendants DOES 1 through 8, inclusive, as on December 5, 2025, plaintiff's counsel sent Certified Mail to the Santa Maria Police Department, Santa Barbara County Sheriff's Department, and the Kings County Sheriff's Office a California Public Records Act request seeking the police reports, body-worn camera recordings and other video recordings, audio recordings, Computer Assisted Dispatch printouts and search warrant documents, and other documents and items regarding the July 10 to 15, 2025 incident complained of in this action. However, to date, said defendants have not responded to any of the California Public Records Act demand letters.

12. At all times complained of herein, DOES 1 through 8, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant City of Santa Maria, County of Santa Barbara, County of Kings and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant City of Santa Maria, County of Santa Barbara, and/or County of Kings [2].

13. Defendants DOES 9 and 10 , inclusive, are the City Manager and/or

---

[2] And/or with some other public entity.

sworn peace officers and/or Supervisors and/or the Chief of Police and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by defendant City of Santa Maria, County of Santa Barbara, County of Kings and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as by failure to properly supervise, improperly directing subordinate officers, and improperly training deputy sheriffs, said public entities' police officers, and other of their peace officers: 1) by failing to properly train its/their peace officers on various criminal statutes that plaintiff was arrested for in this action, 2) by failing to properly train its/their peace officers on the mandates of what properly constitutes probable cause to believe that another has committed a crime, 3) by training their peace officers that they can lie to and to threaten civilians with excessive confinement and to make other threats against them to obtain a signed waiver of civilians' constitutional rights, such as the right not to be subjected to an unlawful and unconstitutional search of any such civilians' personal property, such as a cell phone, 4) by not training their peace officers on how to handcuff arrestees and detainees without injuring them and without causing them to suffer physical injury and pain and suffering from being handcuffed, and 5) creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of defendant City of Santa Maria, County of Santa Barbara, County of Kings and/or with some other public entity, that were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below.

14. Plaintiff is presently unaware of the identities of DOES 1 through 10,

inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

15. At all times complained of herein, DOES 9 and 10 , inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers and/or the Chief of Police and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by defendant City of Santa Maria, County of Santa Barbara, County of Kings and/or with some other public entity, and/or some other public official(s), and were acting in the course of and within the scope of their employment with defendant City of Santa Maria, County of Santa Barbara, and County of Kings[3].

16. At all times complained of herein, defendants DOES 9 and 10 , inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as the City Manager, Chief of Police, the Sheriff, Assistant / Deputy Chiefs of Police, Commanders, Captains, Lieutenants, Sergeants and other Supervisory peace officers (as described herein, above and below), and were final policy making officials / police making officials with defendant City of Santa Maria, County of Santa Barbara, and County of Kings[4] via their status with and actions for the City of Santa Maria, the County of Santa Barbara, and the County of Kings[5].

17. In addition to the above and foregoing, defendants MARTINEZ and DOES 1 through 8, inclusive, acted pursuant to a conspiracy, agreement and

---

[3] And/or with some other public entity.
[4] And/or with some other public entity.
[5] And/or with some other public entity.

understanding and common plan and scheme to deprive the plaintiff NELSON of his federal Constitutional and statutory rights, and her rights under California state law, as complained of below in this action, and acted in joint and concerted action to so deprive plaintiff NELSON of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States and California constitutional and statutory law.

18. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff NELSON's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Unreasonable Seizure of Person Under Fourth Amendment to the United States Constitution**
**(By Plaintiff NELSON against Defendants MARTINEZ and DOES 1 through 8, inclusive)**

19. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20. On July 10, 2025, at approximately 12 p.m. to 1 p.m., plaintiff NELSON was lawfully present outside her travel trailer parked in front of her son's house at 1502 E. Alvin Ave. in the City of Santa Maria, County of Santa Barbara, California.

21. After plaintiff NELSON left her travel trailer, two unmarked SUVs came screeching towards plaintiff NELSON before stopping.

22. Numerous unidentified defendant law enforcement officers, including defendants MARTINEZ and DOES 1 through 8, inclusive, who were police officers, peace officers from the California Department of Corrections and

Rehabilitation, hereinafter referred to as “CDCR”, and/or deputy sheriffs and/or police officers with the Santa Barbara County Sheriff’s Office and/or the Santa Maria Police Department, were driving said SUVs.

23. Defendants MARTINEZ and DOES 1 through 8, inclusive, jumped out of their vehicles and pointed their semi-automatic firearms at plaintiff NELSON, and told plaintiff NELSON to put her hands up.

24. Defendants MARTINEZ and DOES 1 through 8, inclusive, arrested plaintiff NELSON at gunpoint, without having interrogated her about their suspicions about her having committed the crimes that they arrested her for, and in the absence of having investigated plaintiff’s involvement in the crimes that they suspected her of committing.

25. Plaintiff NELSON was thereafter told to put down her keys and her cell phone.

26. Defendants DOES 1 through 8, inclusive asked plaintiff NELSON if she had any firearms or explosives, to which plaintiff replied "No."

27. Plaintiff NELSON was thereafter patted down and handcuffed by defendant DOE 1, apparently a female CDCR officer, and placed into the back of an SUV, even though there was no reasonable suspicion that plaintiff had any connection to any criminality afoot, or probable cause to believe that plaintiff NELSON committed a crime.

28. Defendant DOE 1 cinched down the handcuffs on plaintiff excessively tight, causing plaintiff NELSON to suffer excruciating pain and injuries to her wrists, and caused plaintiff NELSON tremendous pain and suffering.

29. Plaintiff NELSON was thereafter told by defendant MARTINEZ and DOES 1 and 2, that she was being arrested for introducing drugs, a cell phone, cigarette lighters, and drug paraphernalia into Corcoran State Prison in Corcoran,

California.

30. Plaintiff NELSON had never been to Corcoran State Prison but was accused of throwing contraband from her car into said prison.

31. Plaintiff NELSON denied these allegations, none of which were true, but defendants MARTINEZ and DOES 1 and 2 attempted to coerce a confession out of her.

32. Defendant MARTINEZ and DOES 1 and 2 attempted to coerce plaintiff NELSON into falsely confessing to the crimes MARTINEZ and DOES 1 and 2, accused her of by citing multiple details about plaintiff's personal life, such as the death of her father, and her divorce.

33. Thereafter, defendants MARTINEZ and DOES 1 through 8[6], inclusive, called plaintiff NELSON's son at school and told him that plaintiff NELSON was being arrested, and to come and get Plaintiff NELSON's dog so the dog would not go to the dog pound.

34. Defendants MARTINEZ thereafter and DOES 1 and 2, accused plaintiff NELSON of tampering with a gas pump at the gas station she was at.

35. Plaintiff NELSON denied the above-referenced accusation, as she was at the gas station to get gas to help her boyfriend, Joseph, to visit his ailing mother.

36. Defendants MARTINEZ and DOES 1 through 8[7], inclusive, coerced plaintiff NELSON into signing a waiver to search her phone, by threatening plaintiff NELSON that if she does not sign the waiver, that she would stay at the Santa Maria Jail until the judge grants the warrant.

---

[6] Or one of more of them.
[7] Or one of more of them.

37. Plaintiff NELSON signed the waiver as a result of defendant MARTINEZ's unlawful coercion.

38. Defendants MARTINEZ and DOES 1 through 8[8], confiscated plaintiff NELSON and her boyfriend Joseph's cell phones, which were never returned to them.

39. Plaintiff's boyfriend Joseph, "JOSEPH", was never questioned by defendants MARTINEZ, or DOES 1 through 8.

40. Plaintiff NELSON and her boyfriend JOSEPH were kept in the back of an SUV by said defendants for approximately five hours.

41. Before leaving the area, defendant MARTINEZ and DOES 1 and 2 again attempted to coerce plaintiff NELSON into falsely confessing to the crimes he/they had accused her of, which plaintiff NELSON refused to do.

42. Plaintiff NELSON and JOSEPH were thereafter taken to the Santa Maria City jail to use the restroom, before being allowed the opportunity to eat at Carl's Jr.

43. Thereafter, plaintiff NELSON and JOSEPH were then taken 150 miles away to and imprisoned in the King's County Jail in Hanford, California, by defendants MARTINEZ and DOES 1 through 8[9], in the absence of probable cause to believe that either of them committed a crime.

44. Defendant MARTINEZ and DOES 1 through 8[10], attempted to once again coerce plaintiff NELSON into falsely confessing to the crimes that they accused her of by said defendants, which plaintiff NELSON refused to do, as she committed no such crimes.

---

[8] Or one of more of them.
[9] Or one of more of them.
[10] Or one of more of them.

45. Plaintiff NELSON remained falsely imprisoned and locked down by defendants MARTINEZ and DOES 1 through 8[11] for 23 ½ hours a day for the duration of her false imprisonment and incarceration, even though there was no reasonable suspicion that plaintiff had any connection to any criminality afoot or probable cause to believe that plaintiff NELSON committed a crime.

46. The following day, on July 11, 2025, plaintiff NELSON was then transported to Kings County Superior Court in Hanford, California, by defendants DOES 1 through 8 inclusive, where she remained falsely imprisoned in a Superior Court holding cell the entire day of July 11, 2025 without ever seeing a judge or was otherwise brought into a courtroom.

47. Thereafter, plaintiff NELSON was transported back to the Kings County Jail by the Kings County Sheriff's Office or by defendants MARTINEZ and DOES 1 through 8[12] for the weekend, Saturday July 12, 20025 through Sunday July 13, 2025, and again being falsely imprisoned and locked down for 23 ½ hours per day.

48. On Monday, July 14, 2025, at approximately 2:00 p.m., plaintiff NELSON was told by either a Kings County deputy sheriff or Kings County Sheriff's Office Custodial Officer, or by defendants MARTINEZ and DOES 1 through 8[13], that she was being released from custody, because the Kings County District Attorney's Office had refused to file a criminal complaint against plaintiff NELSON.

49. When plaintiff NELSON was released from the Kings County Jail she was given her clothes and wallet back containing $13.00, but some items went

---

[11] Or one of more of them.
[12] Or one of more of them.
[13] Or one of more of them.

missing, including two Kennedy silver half dollar coins, an Eisenhower silver dollar coin, and a quarter with her son's birth year on it.

50. When plaintiff NELSON was released from the Kings County Jail plaintiff NELSON was left in a city, Hanford, California, she had no familiarity with, no cell phone and little money; $13.00.

51. Plaintiff NELSON was unable to find a train or bus to get home after walking through Hanford, California in 107-degree heat.

52. Plaintiff NELSON stayed overnight in Hanford, California.

53. The following day, July 15, 2025, plaintiff NELSON took a 3-hour bus ride back to Santa Maria, California.

54. Moreover, if there was a “Ramey Warrant” for plaintiff NELSON’s arrest, something plaintiff NELSON has no knowledge of, defendants MARTINEZ and DOES 1 through 8, inclusive, obtained any such “Ramey Warrant” in the absence of probable cause to believe that plaintiff committed a crime, and the Statement of Probable Cause for the issuance of any such “Ramey Warrant” did not show the existence of probable cause to believe that plaintiff committed a crime.

55. Alternatively, if there was a “Ramey Warrant” for plaintiff NELSON’s arrest the Statement of Probable Cause for the issuance of any such “Ramey Warrant” was obtained by defendants MARTINEZ and DOES 1 through 8, inclusive, by knowingly making materially false representations of fact, and/or by knowingly making material omissions of fact, in or from any such “Ramey Warrant” application.

56. The actions of defendants MARTINEZ and DOES 1 through 8, inclusive, as complained above herein, constituted a violation of plaintiff NELSON’s rights under the Fourth Amendment to the United States Constitution

to be free from the unlawful and unreasonable seizure her person, here an arrest of plaintiff NELSON, in the absence of probable cause to believe that she committed a crime.

57. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred medical/psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages, 6) incurred a loss of her personal property, and 7) have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000,000.00.

58. The actions of said defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, as complained of herein, were committed maliciously and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

## SECOND CAUSE OF ACTION
**USE OF UNREASONABLE FORCE ON PERSON**
**UNDER FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff NELSON against Defendants MARTINEZ and DOES 1 through 8, inclusive)**

59. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. On July 10, 2025, at approximately 12 p.m. to 1 p.m., plaintiff NELSON was lawfully present outside her travel trailer parked in front of her son's house at 1502 E. Alvin Ave. in the City of Santa Maria, Santa Barbara, California.

61. After plaintiff NELSON left her travel trailer, two unmarked SUVs came screeching towards plaintiff NELSON before stopping.

62. Numerous unidentified defendant law enforcement officers, including defendants MARTINEZ and DOES 1 through 8, inclusive, who were police officers and deputy sheriffs from the California Department of Corrections and Rehabilitation, hereinafter referred to as “CDCR”, and/or the Santa Barbara County Sheriff’s Office and/or the Santa Maria Police Department, were driving said SUVs.

63. Defendants MARTINEZ and DOES 1 through 8, inclusive, jumped out of their vehicles and pointed their semi-automatic firearms at plaintiff NELSON, and told plaintiff NELSON to put her hands up.

64. Defendants MARTINEZ and DOES 1 through 8, inclusive, arrested plaintiff NELSON at gunpoint, without having interrogated her about their suspicions about her having committed the crimes that they  arrested her for, and in the absence of having competently plaintiff’s involvement in the crimes that they suspected her of committing.

65. Plaintiff NELSON was thereafter told to put down her keys and her cell phone.

66. Defendants DOES 1 through 8, inclusive asked plaintiff NELSON if she had any firearms or explosives, to which plaintiff replied "No."

67. Plaintiff NELSON was thereafter patted down and handcuffed by defendant DOE 1, apparently a female CDCR officer, and placed into the back of an SUV, even though there was no reasonable suspicion that plaintiff had any connection to any criminality afoot, or probable cause to believe that plaintiff NELSON committed a crime.

68. Defendant DOE 1 cinched down the handcuffs on plaintiff excessively tight, causing plaintiff NELSON to suffer excruciating pain and injuries to her wrists, and caused plaintiff NELSON tremendous pain and suffering.

69. The actions of defendants MARTINEZ and DOES 1 through 8, inclusive, as complained above herein, constituted a violation of plaintiff NELSON's rights under the Fourth Amendment to the United States Constitution to be free from the use of excessive unreasonable force upon plaintiff NELSON's person.

70. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages, and have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000,000.00.

71. The actions of said defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, as complained of herein, were committed maliciously and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient

for an award of punitive / exemplary damages against defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**USE OF SEARCH OF PERSONAL PROPERTY**
**UNDER FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff NELSON against Defendants MARTINEZ and**
**DOES 1 through 8, inclusive)**

72. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73. On July 10, 2025, at approximately 12 p.m. to 1 p.m., plaintiff NELSON was lawfully present outside her travel trailer parked in front of her son's house at 1502 E. Alvin Ave. in the City of Santa Maria, Santa Barbara, California.

74. After plaintiff NELSON left her travel trailer, two unmarked SUVs came screeching towards plaintiff NELSON before stopping.

75. Numerous unidentified defendant law enforcement officers, including defendants MARTINEZ and DOES 1 through 8, inclusive, who were police officers and deputy sheriffs from the California Department of Corrections and Rehabilitation, hereinafter referred to as “CDCR”, and/or the Santa Barbara County Sheriff’s Office and/or the Santa Maria Police Department, were driving said SUVs.

76. Defendants MARTINEZ and DOES 1 through 8, inclusive, jumped out of their vehicles and pointed their semi-automatic firearms at plaintiff NELSON, and told plaintiff NELSON to put her hands up.

77. Defendants MARTINEZ and DOES 1 through 8, inclusive, arrested plaintiff NELSON at gunpoint, without having interrogated her about their suspicions about her having committed the crimes that they arrested her for, and in the absence of having competently plaintiff's involvement in the crimes that they suspected her of committing.

78. Plaintiff NELSON was thereafter told to put down her keys and her cell phone.

79. Defendants DOES 1 through 8, inclusive asked plaintiff NELSON if she had any firearms or explosives, to which plaintiff replied "No."

80. Plaintiff NELSON was thereafter patted down and handcuffed by defendant DOE 1, apparently a female CDCR officer, and placed into the back of an SUV, even though there was no reasonable suspicion that plaintiff had any connection to any criminality afoot, or probable cause to believe that plaintiff NELSON committed a crime.

81. Defendant DOE 1, pursuant to plaintiff NELSON's false arrest/arrest without probable cause by defendants MARTINEZ and DOES 1 though 8, inclusive, and pursuant to agreement and understanding among and between defendants MARTINEZ and DOES 1 through 8, inclusive, cinched down the handcuffs on plaintiff NELSON excessively tightly, causing plaintiff NELSON to suffer excruciating pain and injuries to her wrists, and caused plaintiff NELSON tremendous pain and suffering.

82. Plaintiff NELSON was thereafter told by defendant MARTINEZ and DOES 1 and 2, that she was being arrested for introducing drugs, a cell phone, cigarette lighters, and drug paraphernalia into Corcoran State Prison in Corcoran, California.

83. Plaintiff NELSON had never been to Corcoran State Prison but was accused of throwing contraband from her car into said prison.

84. Plaintiff NELSON denied these allegations, none of which were true, but defendants MARTINEZ and DOES 1 and 2 attempted to coerce a confession out of her.

85. Defendant MARTINEZ and DOES 1 and 2 attempted to coerce plaintiff NELSON into falsely confessing to the crimes MARTINEZ and DOES 1 and 2, accused her of by citing multiple details about plaintiff's personal life, such as the death of her father, and her divorce.

86. Thereafter, defendants MARTINEZ and DOES 1 through 8[14], inclusive, called plaintiff NELSON's son at school and told him that plaintiff NELSON was being arrested, and to come and get plaintiff NELSON's dog so the dog would not go to the dog pound. Defendants MARTINEZ thereafter and DOES 1 and 2, accused plaintiff NELSON of tampering with a gas pump at the gas station she was at.

87. Plaintiff NELSON denied the above-referenced accusation, as she was at the gas station to get gas to help her boyfriend, Joseph, to visit his ailing mother.

88. Defendants MARTINEZ and DOES 1 through 8[15], inclusive, coerced plaintiff NELSON into signing a waiver to search her phone, by threatening plaintiff NELSON that if she does not sign the waiver, that she would stay at the Santa Maria Jail until the judge grants the warrant.

89. Plaintiff NELSON signed the waiver as a result of defendant MARTINEZ's unlawful coercion. Moreover, defendants MARTINEZ and DOES 1 through 8[16], confiscated plaintiff NELSON and her boyfriend Joseph's cell

---

[14] Or one of more of them.
[15] Or one of more of them.
[16] Or one of more of them.

phones, which were never returned to them.

90. The actions of defendants MARTINEZ and DOES 1 through 8, inclusive, as complained above herein, constituted a violation of plaintiff NELSON's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable search of her cell phone by lying to defendants MARTINEZ and DOES 1 through 8, inclusive, that he could and would obtain a search warrant for her cell phone, and by threatening plaintiff NELSON that if she did not sign a waiver for said defendants to search her cell phone, and to provide said defendants with the password to her cell phone to allow said defendants to search the contents of her cell phone, that , that she would be imprisoned at the Santa Maria Jail until the judge grants the warrant to search her cell phone.

91. Accordingly, plaintiff NELSON did not voluntarily consent to the search of her cell phone, that defendants MARTINEZ and DOES 1 through 8, inclusive, then did search the contents of, in violation of plaintiff NELSON's right under the Fourth Amendment to the United States Constitution, to be free from an unlawful and unreasonable search of her cell phone in the absence of a properly and lawfully obtained search warrant.

92. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages, and have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at

trial which is in excess of $10,000,000.00.

93. The actions of said defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, as complained of herein, were committed maliciously and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Claim Against Local Governing Body Defendants Based On Failure To Train**
**(By Plaintiff NELSON against Defendants CITY OF SANTA MARIA, SANTA BARBARA COUNTY, KINGS COUNTY and DOES 9 and 10)**

94. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, inclusive, above, as if set forth in full herein.

95. On July 10, 2025, at approximately 12 p.m. to 1 p.m., plaintiff NELSON was lawfully present outside her travel trailer parked in front of her son's house at 1502 E. Alvin Ave. in the City of Santa Maria, Santa Barbara, California.

96. After plaintiff NELSON left her travel trailer, two unmarked SUVs came screeching towards plaintiff NELSON before stopping.

97. Numerous unidentified defendant law enforcement officers, including defendants MARTINEZ and DOES 1 through 8, inclusive, who were police officers and deputy sheriffs from the California Department of Corrections and Rehabilitation, hereinafter referred to as "CDCR", and/or the Santa Barbara County Sheriff's Office and/or the Santa Maria Police Department, were driving said SUVs.

98. Defendants MARTINEZ and DOES 1 through 8, inclusive, jumped out of their vehicles and pointed their semi-automatic firearms at plaintiff NELSON, and told plaintiff NELSON to put her hands up.

99. Defendants MARTINEZ and DOES 1 through 8, inclusive, arrested plaintiff NELSON at gunpoint, without having interrogated her about their suspicions about her having committed the crimes that they arrested her for, and in the absence of having competently plaintiff's involvement in the crimes that they suspected her of committing.

100. Plaintiff NELSON was thereafter told to put down her keys and her cell phone.

101. Defendants DOES 1 through 8, inclusive asked plaintiff NELSON if she had any firearms or explosives, to which plaintiff replied "No."

102. Plaintiff NELSON was thereafter patted down and handcuffed by defendant DOE 1, apparently a female CDCR officer, and placed into the back of an SUV, even though there was no reasonable suspicion that plaintiff had any connection to any criminality afoot, or probable cause to believe that plaintiff NELSON committed a crime.

103. Defendant DOE 1 cinched down the handcuffs on plaintiff excessively tight, causing plaintiff NELSON to suffer excruciating pain and injuries to her wrists, and caused plaintiff NELSON tremendous pain and suffering.

104. Plaintiff NELSON was thereafter told by defendant MARTINEZ and DOES 1 and 2, that she was being arrested for introducing drugs, a cell phone, cigarette lighters, and drug paraphernalia into Corcoran State Prison in Corcoran, California.

105. Plaintiff NELSON had never been to Corcoran State Prison but was accused of throwing contraband from her car into said prison.

106. Plaintiff NELSON denied these allegations, none of which were true, but defendants MARTINEZ and DOES 1 and 2 attempted to coerce a confession out of her.

107. Defendant MARTINEZ and DOES 1 and 2 attempted to coerce plaintiff NELSON into falsely confessing to the crimes MARTINEZ and DOES 1 and 2, accused her of by citing multiple details about plaintiff's personal life, such as the death of her father, and her divorce.

108. Thereafter, defendants MARTINEZ and DOES 1 through 8[17], inclusive, called plaintiff NELSON's son at school and told him that plaintiff NELSON was being arrested, and to come and get Plaintiff NELSON's dog so the dog would not go to the dog pound.

109. Defendants MARTINEZ thereafter and DOES 1 and 2, accused plaintiff NELSON of tampering with a gas pump at the gas station she was at.

110. Plaintiff NELSON denied the above-referenced accusation, as she was at the gas station to get gas to help her boyfriend, Joseph, to visit his ailing mother.

111. Defendants MARTINEZ and DOES 1 through 8[18], inclusive, coerced plaintiff NELSON into signing a waiver to search her phone, by threatening plaintiff NELSON that if she does not sign the waiver, that she would stay at the Santa Maria Jail until the judge grants the warrant.

112. Plaintiff NELSON signed the waiver as a result of defendant MARTINEZ's unlawful coercion.

113. Defendants MARTINEZ and DOES 1 through 8[19], confiscated

---

[17] Or one of more of them.
[18] Or one of more of them.
[19] Or one of more of them.

plaintiff NELSON and her boyfriend Joseph's cell phones, which were never returned to them.

114. Plaintiff's boyfriend Joseph, "JOSEPH", was never questioned by defendants MARTINEZ, or DOES 1 through 8.

115. Plaintiff NELSON and her boyfriend JOSEPH were kept in the back of an SUV by said defendants for approximately five hours.

116. Before leaving the area, defendant MARTINEZ and DOES 1 and 2 again attempted to coerce plaintiff NELSON into falsely confessing to the crimes he/they had accused her of, which plaintiff NELSON refused to do.

117. Plaintiff NELSON and JOSEPH were thereafter taken to the Santa Maria City jail to use the restroom, before being allowed the opportunity to eat at Carl's Jr.

118. Thereafter, plaintiff NELSON and JOSEPH were then taken 150 miles away to and imprisoned in the King's County Jail in Hanford, California, by defendants MARTINEZ and DOES 1 through 8[20], in the absence of probable cause to believe that either of them committed a crime.

119. Defendant MARTINEZ and DOES 1 through 8[21], attempted to once again coerce plaintiff NELSON into falsely confessing to the crimes that they accused her of by said defendants, which plaintiff NELSON refused to do, as she committed no such crimes.

120. Plaintiff NELSON remained falsely imprisoned and locked down by defendants MARTINEZ and DOES 1 through 8[22] for 23 ½ hours a day for the duration of her false imprisonment and incarceration, even though there was no

---

[20] Or one of more of them.
[21] Or one of more of them.
[22] Or one of more of them.

reasonable suspicion that plaintiff had any connection to any criminality afoot or probable cause to believe that plaintiff NELSON committed a crime.

121. The following day, on July 11, 2025, plaintiff NELSON was then transported to Kings County Superior Court in Hanford, California, by defendants DOES 1 through 8, where she remained falsely imprisoned in a Superior Court holding cell the entire day of July 11, 2025 without ever seeing a judge or was otherwise brought into a courtroom.

122. Thereafter, plaintiff NELSON was transported back to the Kings County Jail by the Kings County Sheriff's Office or by defendants MARTINEZ and DOES 1 through 8[23] for the weekend, Saturday July 12, 20025 through Sunday July 13, 2025, and again being falsely imprisoned and locked down for 23 ½ hours per day.

123. On Monday, July 14, 2025, at approximately 2:00 p.m., plaintiff NELSON was told by either a Kings County deputy sheriff or Kings County Sheriff's Office Custodial Officer, or by defendants MARTINEZ and DOES 1 through 8[24], that she was being released from custody, because the Kings County District Attorney's Office had refused to file a criminal complaint against plaintiff NELSON.

124. When plaintiff NELSON was released from the Kings County Jail she was given her clothes and wallet back containing $13.00, but some items went missing, including two Kennedy silver half dollar coins, an Eisenhower silver dollar coin, and a quarter with her son's birth year on it.

125. When plaintiff NELSON was released from the Kings County Jail

---

[23] Or one of more of them.
[24] Or one of more of them.

plaintiff NELSON was left in a city, Hanford, California, she had no familiarity with, no cell phone and little money; $13.00.

126. Plaintiff NELSON was unable to find a train or bus to get home after walking through Hanford, California in 107-degree heat.

127. Plaintiff NELSON stayed overnight in Hanford, California.

128. The following day, July 15, 2025, plaintiff NELSON took a 3-hour bus ride back to Santa Maria, California.

129. Moreover, if there was a “Ramey Warrant” for plaintiff NELSON’s arrest, something plaintiff NELSON has no knowledge of, defendants MARTINEZ and DOES 1 through 8, inclusive, obtained any such “Ramey Warrant” in the absence of probable cause to believe that plaintiff NELSON committed a crime, and the Statement of Probable Cause for the issuance of any such “Ramey Warrant” did not show the existence of probable cause to believe that plaintiff committed a crime.

130. Alternatively, if there was a “Ramey Warrant” for plaintiff NELSON’s arrest the Statement of Probable Cause for the issuance of any such “Ramey Warrant” was obtained by defendants MARTINEZ and DOES 1 through 8, inclusive, by knowingly making materially false representations of fact, and/or by knowingly making material omissions of fact, in or from any such “Ramey Warrant” application.

131. The actions of defendants MARTINEZ and DOES 1 through 8, inclusive, as complained above herein, constituted a violation of plaintiff NELSON’s rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure her person, here an arrest of plaintiff NELSON, in the absence of probable cause to believe that she committed a crime.

132. As shown above, defendants DOES 9 and 10 , inclusive, are the City

Manager and/or the County Manager and/or sworn peace officers and/or Supervisors and/or the Chief of Police and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by defendant City of Santa Maria and/or defendant County of Santa Barbara, and/or defendant County of Kings and/or with some other public entity and/or DOES 9 and 10, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as by failure to properly supervise, improperly directing subordinate officers, and improperly training deputy sheriffs, said public entities' police officers, and other of their peace officers:

1) by failing to properly train its/their peace officers on various criminal statutes that plaintiff was arrested for in this action;
2) by failing to properly train its/their peace officers on the mandates of what properly constitutes probable cause to believe that another has committed a crime;
3) by training their peace officers that they can lie to and to threaten civilians with excessive confinement and to make other threats against them to obtain a signed waiver of civilians' constitutional rights, such as the right not to be subjected to an unlawful and unconstitutional search of any such civilians' personal property, such as a cell phone;
4) by not training their peace officers on how to handcuff arrestees and detainees without injuring them and without causing them to suffer physical injury and pain and suffering from being handcuffed, and
5) by otherwise creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or

usages of defendants City of Santa Maria, County of Santa Barbara, County of Kings and/or with some other public entity, that were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below.

133. As a direct and proximate result of the actions of defendants defendant City of Santa Maria and/or defendant County of Santa Barbara and/or defendant County of Kings and/or with some other public entity and/or DOES 9 and 10, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred medical/psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages, 6) incurred a loss of her personal property, and 7) have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000,000.00.

134. The actions of said defendants DOES 9 and 10, as complained of herein, were committed maliciously and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants DOES 9 and 10 in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants DOES 9 and 10.

## FIFTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiff NELSON against Defendants CITY OF SANTA MARIA, COUNTY OF SANTA BARBARA, COUNTY OF KINGS, MARTINEZ and DOES 1 through 8, inclusive)**

135. Plaintiff hereby realleges and incorporates by reference the

allegations set forth in paragraphs 1 through 134, inclusive, above, as if set forth in full herein.

136. As shown above, defendants MARTINEZ and DOES 1 through 8, inclusive, used unlawful and excessive force upon plaintiff NELSON without a warrant or probable cause, nor even a reasonable suspicion of criminality afoot of the plaintiff, by their handcuffing plaintiff NELSON excessively tight, caused her to suffer physical injury, as well as physical, mental and emotional pain, suffering and distress.

137. Said use of excessive force upon the plaintiff NELSON as described above, by defendants MARTINEZ and DOES 1 through 8, inclusive, constituted the actual use of excessive force under the Fourth Amendment to the United States Constitution, and under Article I, Section 13 of the California Constitution, and otherwise in violation of Cal. Penal Code § 149 and 18 U.S.C. § 242, and was done by said defendants in an effort to deter and prevent plaintiff from exercising her constitutional rights.

138. Said use of excessive force upon the plaintiff NELSON as described above, constituted the use of violence against the plaintiff NELSON by said defendants MARTINEZ and DOES 1 through 8, inclusive, and interfered with, and/or attempted to interfere with, by use of actual violence, the exercise or enjoyment by the plaintiff NELSON of the rights secured by the Constitution and laws of the United States and of the rights secured by the California Constitution and otherwise by California law, as explained above, all in violation of Cal. Civil Code § 52.1.

139. Accordingly, defendants City of Santa Maria, County of Santa Barbara, County of Kings, MARTINEZ and DOES 1 through 8, inclusive, are liable to the plaintiff NELSON pursuant to Cal. Civil Code § 52.1, and pursuant to Cal. Gov't Code §§ 815.2(a) and 820 and are liable to plaintiff for her damages

described below.

140. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages and her personal property, and have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00 for plaintiff.

141. The actions of defendants MARTINEZ and DOES 1 through 8, inclusive, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive/exemplary damages against said defendants MARTINEZ and DOES 1 through 8, inclusive, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

142. In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, plaintiff NELSON is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

**SIXTH CAUSE OF ACTION**

**False Arrest / False Imprisonment**
**Under California State Law**
**(By Plaintiff NELSON against Defendants CITY OF SANTA MARIA, COUNTY OF SANTA BARBARA, COUNTY OF KINGS, MARTINEZ and DOES 1 through 8, inclusive)**

143. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 142, inclusive, above, as if set forth in full herein.

144. As complained of above, plaintiff NELSON was unlawfully seized and arrested by defendants MARTINEZ and DOES 1 through 8, inclusive on July 10, 2025.

145. Also as complained of above, said defendants MARTINEZ and DOES 1 through 8, inclusive, had neither a warrant nor probable cause to believe that plaintiff NELSON had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiff.

146. Alternatively, if there was a "Ramey Warrant" for plaintiff NELSON's arrest the Statement of Probable Cause for the issuance of any such "Ramey Warrant" was obtained by defendants MARTINEZ and DOES 1 through 8, inclusive, by knowingly making materially false representations of fact, and/or by knowingly making material omissions of fact, in or from any such "Ramey Warrant" application.

147. The actions of defendants MARTINEZ and DOES 1 through 8, inclusive, as complained above herein, constituted a violation of plaintiff NELSON's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure her person, here an arrest of plaintiff NELSON, in the absence of probable cause to believe that she committed a crime.

148. As shown above, plaintiff NELSON was actually harmed by said conduct of defendants MARTINEZ and DOES 1 through 8, inclusive.

149. Also as shown above, the conduct of defendants DOES 1 through 8, inclusive, was a substantial factor in causing the plaintiff harm.

150. Accordingly, defendants City of Santa Maria, County Of Santa Barbara, County of Kings, MARTINEZ and DOES 1 through 8, inclusive, are liable to the plaintiff NELSON for her false arrest/false imprisonment of the plaintiff NELSON pursuant to Cal. Gov't Code §§ 815.2(a), 820 and 820.4.

151. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages and personal property, and have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00 for plaintiff.

152. The actions of defendants Martinez and DOES 1 through 8, inclusive, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants Martinez and DOES 1 through 8, inclusive, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

## <u>SEVENTH CAUSE OF ACTION</u>
**Battery**
**Under California State Law**
**(By Plaintiff NELSON against Defendants CITY OF SANTA MARIA, COUNTY OF SANTA BARBARA, COUNTY OF KINGS, MARTINEZ and DOES 1 through 8, inclusive)**

153. Plaintiff hereby realleges and incorporates by reference the

allegations set forth in paragraphs 1 through 152, inclusive, above, as if set forth in full herein.

154. The actions committed by defendants MARTINEZ and DOES 1 through 8, inclusive, above described, constituted unjustified non-consensual use of unlawful force and violence upon plaintiff NELSON and constituted a battery of her by defendants MARTINEZ and DOES 1 through 8, inclusive, under California state law.

155. The actions committed by defendants MARTINEZ and DOES 1 through 8, inclusive, above described, caused plaintiff NELSON to suffer actual harm.

156. The actions committed by defendants MARTINEZ and DOES 1 through 8, inclusive, above described, were a substantial factor in causing plaintiff NELSON to suffer actual harm.

157. Defendants City of Santa Maria, County of Santa Barbara, County of Kings, MARTINEZ and DOES 1 through 8, inclusive, and each of them, are liable to the plaintiff NELSON for said batteries of her, pursuant to Cal. Gov't Code §§ 815.2(a) and 820, and otherwise pursuant to the common-law, and are liable to plaintiff for her damages described below.

158. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages and the loss of plaintiff's personal property, and have and will incur and will continue to incur other special and general damages and expenses associated

costs; all in an amount to be proven at trial which is in excess of $10,000.000.00 for plaintiff.

159. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

**EIGHTH CAUSE OF ACTION**
**Assault**
**Under California State Law**
**(By Plaintiff NELSON against Defendants CITY OF SANTA MARIA, COUNTY OF SANTA BARBARA, COUNTY OF KINGS, MARTINEZ and DOES 1 through 8, inclusive)**

160. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 159, inclusive, above, as if set forth in full herein.

161. The actions committed by defendants MARTINEZ and DOES 1 through 8, inclusive, above described, constituted an assault of the plaintiff NELSON under California state law, as said plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants MARTINEZ and DOES 1 through 8, inclusive.

162. The actions committed by defendants MARTINEZ and DOES 1 through 8, inclusive, above described, caused plaintiff NELSON to suffer actual harm.

163. The actions committed by defendants MARTINEZ and DOES 1 through 8, inclusive, above described, were a substantial factor in causing plaintiff NELSON to suffer actual harm.

164. Defendants City of Santa Maria, County of Santa Barbara, County of Kings, MARTINEZ and DOES 1 through 8, inclusive, are liable to the plaintiff NELSON for said assault of her, pursuant to Cal. Gov't Code §§ 815.2(a) and 820, and otherwise pursuant to the common-law and are liable to plaintiff for her damages described below.

165. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured, and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages and the loss of her personal property, and have and will incur and will continue to incur other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00 for plaintiff.

166. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

**<u>NINTH CAUSE OF ACTION</u>**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(By Plaintiff NELSON against Defendants CITY OF SANTA MARIA, COUNTY OF SANTA BARBARA, COUNTY OF KINGS, MARTINEZ and**

**DOES 1 through 8, inclusive)**

167. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 166, inclusive, above, as if set forth in full herein.

168. Defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, knew and/or should have known that plaintiff NELSON was susceptible to suffering severe emotional distress from the actions taken and committed against her, as complained of above and herein.

169. Moreover, the conduct of defendants MARTINEZ and DOES 1 through 8, inclusive, for all of the incidents complained of herein, was outrageous and not the type of conduct condoned in a civilized society.

170. Accordingly, defendants City of Santa Maria, County of Santa Barbara, County of Kings, MARTINEZ and DOES 1 through 8, inclusive, are liable to under California state law for said intentional infliction of emotional distress of plaintiff NELSON, pursuant to Cal. Gov't Code §§ 815.2(a), 820 and otherwise pursuant to the common law.

171. As a direct and proximate result of the actions of defendants MARTINEZ and DOES 1 through 8, inclusive, plaintiff NELSON was: 1) substantially physically, mentally and emotionally injured and caused plaintiff NELSON to suffer great and severe physical, mental and emotional pain, suffering and distress, 2) incurred psychological bills, costs and expenses, 3) will continue to endure/suffer mental and emotional injuries, pain, suffering and distress, 4) will continue to incur psychological bills, costs and expenses, 5) incurred a loss of wages and a loss of her personal property, and have and will incur and will continue to incur other special and general damages and expenses associated

costs; all in an amount to be proven at trial which is in excess of $3,000.000.00 for plaintiff.

172. The actions of said defendants MARTINEZ and DOES 1 through 8, inclusive, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff NELSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00 for plaintiff against defendants MARTINEZ and DOES 1 through 8, inclusive.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment in favor of plaintiff against defendants City of Santa Maria, County of Santa Barbara, County of Kings, MARTINEZ and DOES 1 through 10, inclusive, for compensatory damages in an amount in excess of $10,000,000.00;

b) For a judgment against all defendants MARTINEZ and DOES 1 through 10, inclusive, for punitive/exemplary damages in an amount in excess of $10,000,000.00 for against each defendant;

c) For an award of reasonable Attorney's Fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

LAW OFFICE OF JERRY L. STEERING

JERRY L. STEERING, ATTORNEY FOR PLAINTIFF SHANNON DINNIE NELSON